UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN – SOUTHERN DIVISION

ROBERT EUGENE BROWN,
Individually and on behalf of others similarly situated

      Plaintiff

 -vs-                      Case No.
                                      Hon.

THE KROGER CO.,

      Defendant

## COMPLAINT & JURY DEMAND

Plaintiff Robert Eugene Brown ("Plaintiff"), by and through his attorneys, Lyngklip & Associates Consumer Law Center, PLC and Hertz Schram PC, and on behalf of himself, the Putative Classes set forth below, and in the public interest, brings the following class action Complaint against Defendant The Kroger Company ("Kroger") pursuant to the federal Fair Credit Reporting Act ("FCRA").

## Introduction

1. Robert Eugene Brown ("Mr. Brown") brings this class action against Defendant, Kroger to obtain relief for himself and the class for violations of the Federal Fair Credit Reporting Act (FCRA), 15 U.S.C. 1681, *et seq*.

2. Kroger is a user of consumer reports as contemplated by Fair Credit Reporting Act ("FCRA")15 U.S.C. § 1681b.

3. Mr. Brown sought employment with Kroger.

4. Kroger obtained a background check on Mr. Brown through General Information Services, Inc. ("GIS").

5. Based on the information contained in the background report Kroger terminated Mr. Brown's employment.

6. Mr. Brown alleges a class claim against Kroger for failing to provide him and all others similarly situated with a copy of the consumer report before taking adverse action as required by 15 U.S.C. §1681b(b)(3).

7. Kroger's failure to comply with the FCRA's long standing requirements denied Mr. Brown and each putative class member these important rights.

## **Jurisdiction**

8. Robert Brown brings this lawsuit pursuant to 15 U.S.C. § 1681, *et seq.*

9. This action presents a federal question and as such, jurisdiction arises under 28 U.S.C. §1331 and 15 U.S.C. §1681, *et seq.*

10. All the allegations and claims in this complaint stem from the use of a consumer report concerning Mr. Brown, by Kroger for employment purposes.

## **Parties**

11. The Plaintiff, Mr. Brown, resides in Troy and is a citizen of Michigan.

12.   Mr. Brown is a consumer as defined by the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq* ("FCRA") and §1681a(c).

13.   The Defendant to this action is Kroger which is a user of consumer reports as contemplated by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681b.

### General Factual Allegations as to the Delivery and Use of Mr. Brown's Consumer Report

14.   In August 2015, Mr. Brown sought employment with Kroger.

15.   In September 2015 Mr. Brown was hired.

16.   Mr. Brown was placed on a 60 day probationary period per Kroger's hiring policy.

17.   After Mr. Brown was hired, he attended orientation where he completed paperwork consenting to a drug screen and to allow Kroger to run a background check.

18.   As part of its ordinary and regular business practices, Kroger uses consumer reports to determine the eligibility of applicants for employment.

19.   Mr. Brown consented to the background check.

20.   Kroger accessed and used a background check provided by GIS concerning Mr. Brown in September 2015.

3

21.  That GIS background check constituted a "consumer report" for purposes of the FCRA.

22.  Kroger concluded from a review of that consumer report that they would terminate Mr. Brown's employment.

23.  On or around November 10, 2015, Mr. Brown was working when he was pulled off the job by his manager.

24.  Based upon the consumer report, Kroger terminated Mr. Brown from his employment on or around November 10, 2015.

25.  Kroger's termination of Mr. Brown constituted "adverse action" for purposes of the FCRA.

26.  Kroger did not provide Mr. Brown a copy of the consumer report before taking adverse action as required by 15 U.S.C. §1681b(b)(3).

27.  Kroger did not provide Mr. Brown a copy of the FTC Summary of Rights before taking adverse action as required by 15 U.S.C. §1681b(b)(3).

28.  Mr. Brown has suffered damages as a result of these events, detailed in the preceding paragraphs.

## PRACTICES AND POLICIES OF KROGER

29.  Kroger is a member of a franchised employment and staffing company.

30.  Kroger has implemented uniform hiring and staffing policies, procedures,

and practices which have been promulgated by its franchiser.

31. Those polices, procedures, and practices cover the use of "background checks" or "consumer reports" to screen potential employees.

32. Kroger regularly obtains and uses consumer reports to screen prospective employees.

33. As a matter of practice Kroger regularly failed and continues to fail to provide copies of consumer reports to its employees against whom it took adverse action based in whole or part on consumer reports prior to taking that adverse action.

34. As a matter of practice Kroger regularly failed to provide copies of the FTC notice of rights to its employees against whom it took adverse action based in whole or in part on consumer reports prior to taking that adverse action.

35. Alternatively:

   a. On a regular basis Kroger falsely certified its intent to comply with the requirements of 15 U.S.C. § 1681b(b) and therefore accessed and used the consumer reports of its employees under false pretenses in violation of §§ 1681b(b) and 1681q.

## CLASS ALLEGATIONS AS TO KROGER

36. Kroger failed to provide Mr. Brown and the class members with copies of

"consumer reports" when so required under the FCRA.

37.   Kroger failed to provide Mr. Brown and the class members with notice of their rights when so required under the FCRA.

38.   This action is brought as a class action on behalf of the following classes of individuals:

a.   ***The Pre-Report Certification, False Pretenses, and Permissible Purpose Class*** – This class arises under 15 U.S.C. § 1681b(f)(2) and consists of

i.   All natural persons residing in the United States or its territories

ii.   for whom Kroger obtained a consumer report during the preceding five years;

iii.   certified compliance;

iv.   whom Kroger did not provide with a consumer report at the time of the pre-adverse action notice.

b.   ***The Consumer Report Disclosure Class*** – This class arises under 15 U.S.C. § 1681b(b)(3)(A)(I) and consists of,

i.   All natural persons residing in the United States or its territories,

ii.   for whom Kroger obtained a consumer report which was

6

obtained for employment purposes,

    iii.    against whom Kroger took adverse employment action based in whole or in part on that report

    iv.    to whom Kroger failed to provide a copy of that report prior to taking adverse action.

  c.    ***The FTC Notice of Rights Class*** – This class arises under 15 U.S.C. § 1681b(b)(3)(A)(ii) and consists of

    i.    All natural persons residing in the United States or its territories

    ii.    for whom Kroger obtained a consumer report which was obtained by Kroger for employment purposes

    iii.    against whom Kroger took adverse action based in whole or in part on that report

    iv.    to whom Kroger failed to provide a copy of the FTC notice of rights prior to Kroger's adverse action.

39.    Kroger has engaged in this conduct in relation to a large number of persons; consequently the prospective classes meet the "numerosity" requirements of a class action under Rule 23.

40.    Class counsel will likely obtain the names and addresses of the putative Class members through documents maintained by Kroger or the consumer

reporting agencies through which Kroger obtained those reports; consequently, the parties and the Court can identify the prospective class members.

41. Mr. Brown asserts claims under the same legal and remedial theories as those of the prospective class members; consequently, this case meets the "typicality" requirements of a class action under Rule 23.

42. Mr. Brown's case presents a number of issues common to those of the class members:

a. Whether Kroger provides a copy of the consumer report to the employee before it takes an adverse action based upon the consumer report;

b. Whether Kroger provides a copy of the FTC Notice of Rights before it takes an adverse action based upon the consumer report;

c. Whether Kroger obtains consumer reports under the false pretense that it will comply with 15 U.S.C. § 1681b(b);

d. Whether Kroger's conduct constituted violations of the FCRA, including 15 U.S.C. §1681b;

e. Whether Kroger knowingly and intentionally committed an act in conscious disregard of the rights of the consumer.

8

43.  These common issues of law and fact predominate over any questions affecting an individual member; consequently this case meets the "commonality" and "predominance" requirements for class actions under Rule 23.

44.  Mr. Brown will fairly and adequately represent the interests of the putative class.

45.  Because he has asserted the same types of claims as those of the class members, Mr. Brown's interests coincide with those of the prospective class members who he seeks to represent.

46.  Mr. Brown has retained competent and experienced counsel in such litigation; consequently, Mr. Brown is an "adequate" class representative under Rule 23.

47.  The damages suffered by each prospective class member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Kroger's conduct.

48.  The prospective class members would find it virtually impossible to individually and effectively redress the wrongs done to them:

   a.  Consumer reporting cases involving impermissible access and use rarely present large damages which would ordinarily attract competent

9

counsels.

b.  The cost of litigating fair credit cases within the federal court system would deter many Plaintiff's attorneys from assuming the representation of the prospective class members in an individual case in light of the small potential recovery.

c.  Few attorneys are qualified to identify, let alone litigate, consumer reporting cases involving access and use of consumer reports for employment purposes.

d.  While cases like these do present the possibility of statutory fee awards, those fee awards only arise in the event of a successful "actual damage" suit or a finding of willfulness.  These heightened burdens of proof for successful recoveries frequently impair the ability of the consumer to find representation for consumer reporting cases.

e.  Even if the members of the putative classes could afford such individual litigation, and find competent counsel, the number of suits which would be necessary to remedy the wrongs in this case would represent an unnecessary burden on the Court.

f.  Individualized litigation by these class members would also present

the potential for inconsistent or contradictory judgments and increase
the delay and expense to all parties and to the court system.

49.    The Class action device will result in substantial benefits to the litigants and
the Court by allowing the Court to resolve numerous individual claims based
upon a single set of proof in a single case.

50.    The class action mechanism is "superior" to other available methods for fair
and efficient adjudication of the controversy under Rule 23.

## COUNT I – Class Claim Under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*

51.    Mr. Brown incorporates the preceding allegations by reference.

52.    Kroger violated 15 U.S.C. § 1681b(b)(3) by taking adverse action against
Mr. Brown and each similarly situated individual before providing a copy of
the consumer report used in taking such adverse action, and failing to
provide a copy of the FTC summary of rights.

53.    Kroger violated 15 U.S.C. § 1681b(f) by impermissibly accessing consumer
reports; alternatively, Kroger obtained the consumer reports of Mr. Brown
and the class members under false pretenses in violation of 15 U.S.C. §
1681q.

54.    Kroger willfully violated the provisions of the FCRA, 15 U.S.C. § 1681n in

relation to Mr. Brown and the class members; alternatively, Kroger negligently violated the provisions of the FCRA, 15 U.S.C. § 1681o.

55.  Mr.  Brown suffered damages as a result of this violation of the FCRA.

## Request For Relief

56.  *For the reasons set forth above, Mr. Brown requests that the Court Grant the following relief:*

   a.  *Actual damages for items including lost wages and lost employment opportunity;*

   b.  *Statutory damages in an amount to be determined at trial;*

   c.  *Punitive damages in an amount to be determined at trial;*

   d.  *Costs and attorney fees provided by statute;*

   e.  *Any other relief the Court deems just.*

## Jury Demand

57.  Mr. Brown demands trial by jury.

Respectfully Submitted,


By:  s/ Priya Bali
Priya Bali (P78337)
LYNGKLIP & ASSOCIATES
CONSUMER LAW CENTER, PLC
24500 Northwestern Highway, Ste. 206
Southfield, MI 48075
PH:  (248) 208-8864
Priya@MichiganConsumerLaw.Com


Patricia Stamler (P35905)
HERTZ SCHRAM, P.C.
1760 S. Telegraph Road, Ste. 300
Bloomfield Hills, MI 48302
PH: (248) 494-4486
pstamler@hertzschram.com

Dated:  June 9, 2017                          Attorneys for Plaintiff

13